### STUMPF et al. v. MERZ.

(Supreme Court, Appellate Term. March 21, 1905.)

CONTRACT FOR ADVERTISING—ACTION FOR BREACH.

Defendant, who contracted for plaintiffs to publish an advertisement once a week in their paper by notifying them at the end of the first quarter to discontinue the advertisement, committed a breach of the contract, warranting plaintiffs, without doing more, to treat the contract as at an end, and to sue for loss of profits on the part they were not permitted to perform.

Blanchard, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Anthony Stumpf and others against Carrie Merz. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

H. Gerald Chapin, for appellant.

Charles Tein, for respondent.

O'GORMAN, J. The defendant entered into a contract with the plaintiffs to pay a stipulated sum, payable in quarterly payments, for the insertion of an advertisement in the plaintiffs' newspaper for the period of one year. At the expiration of the first quarter the defendant notified the plaintiffs not to continue the advertisement. This notice was complied with, and plaintiffs now sue to recover damages for defendant's breach of the contract. On the trial proof was excluded as to the expense, if any, which the plaintiffs would incur in the continued publication of the advertisement for the remainder of the period, and the plaintiffs were allowed only the balance due for the period during which the advertisement actually appeared. This was error requiring the reversal of the judgment. The defendant committed a breach of her contract when she ordered, without cause, the termination

of the advertisement. The plaintiffs were then warranted in treating the defendant's act as putting an end to the contract for all purposes of performance, and suing for the part performed, and for loss of profits on the part which the plaintiffs were not permitted to perform in consequence of the defendant's repudiation of her obligation. 7 Am. & Eng. Ency. Law, 152.

Judgment reversed, and new trial ordered, with costs to plaintiffs to abide the event.

SCOTT, J., concurs

BLANCHARD, J. (dissenting). The defendant made a written contract with the plaintiffs whereby plaintiffs were to publish the advertisement of the defendant in their paper once each week for the term of one year, for which the defendant agreed to pay $35. The defendant paid on account $4. At the end of three months defendant notified plaintiffs in writing to discontinue the publication of the advertisement, and they accordingly discontinued it. The plaintiffs sued the defendant for a breach of the contract, and the trial court held that the plaintiffs were entitled to recover only the proportionate share of the $35—that is, $8.75 for the three months—less the amount paid on account, and gave judgment for the plaintiffs in the sum of $4.75 and costs. On the trial the plaintiffs attempted to prove as elements of damage that they had paid commissions to an advertising solicitor for procuring the advertisement, and what their profits would have been had they been allowed to continue the advertisement; but the trial court excluded such evidence, and plaintiffs duly excepted, and they now appeal to this court. We think the trial court properly excluded the evidence, and awarded the correct measure of damages. Had the plaintiffs gone on and completed the contract, or even properly protested against the act of the defendant in discontinuing the publication of the advertisement, they might have recovered the full contract price. They acquiesced, and their acquiescence was fatal.

The judgment should be affirmed, with costs.